DUNFORD *et al.*

*v.*

JACKSON'S EX'RS *et al.*

*(Supreme Court of Appeals of Virginia, Aug. 8, 1895.)*

[22 S. E. Rep. 853.]

### Wills—Construction—Case at Bar.

A husband, by one clause in his will, devised to his wife, during her life, a part of the "Porter" tract, to be divided by a line which left one part adjoining the homestead and the other part adjoining the "Ivanhoe" tract. By another clause he gave his executors power to sell and convey the portion of the "Porter" tract near the "Ivanhoe" tract: *held*, a devise of that portion of the "Porter" tract next the homestead to the wife.

### Same—Devise of Land Including Personalty—Growing Crops.

Where a devise of land includes the personal property thereon, crops growing on it at the time of the testator's death pass with the land to the devisee.

### Same—Demonstrative Legacies.

Where the fund out of which demonstrative legacies are payable is insufficient, the legacies must be reduced proportionally.

### Same—Same.

Demonstrative legacies are a prior claim on the fund out of which they are made payable.

### Same—Devise of Land—Case at Bar.

A husband devised his farm to his wife for life, the remainder to his two sons in fee, together with all "personal property" thereon at his death: *held*, that crops growing on the land at the testator's death, together with all other personal property thereon, passed to the wife for life, with remainder to the sons, while those on other land not devised, together with all moneys, bonds, and choses in action, passed to the executors.

Appeal from circuit court, Wythe county ; Williams, Judge.

Bill by one Dunford and others against George Jackson's executors and others for construction of a will. From the decree rendered, part of the plaintiffs appeal. Affirmed.

*Blair & Blair,* for appellants.

*Walker & Caldwell,* for appellees.

CARDWELL, J., delivered the opinion of the court.

This is an appeal from a decree of the circuit court of Wythe county construing the will of George Jackson, deceased. The will provides for certain general pecuniary legacies to children and grandchildren, and a demonstrative legacy to the widow and to some of the children and grandchildren of the testator, about which there is no contest. Therefore the contest over the will arises out of the following portions of the first and ninth clauses, to wit: "Clause 1st: I give and bequeath to my beloved wife the lands and appurtenances situated thereon on which I now reside, known as the 'Home Tract,' and also a portion of the tract known as the 'Porter Tract,' to be divided by a line commencing at the drawbars on the Grayson Sulphur Spring road on the east side, by a straight line to a hickory tree near the line fence; to be hers during her natural life, and at her death to be divided equally between my two sons, John S. and James M. Jackson. It is my wish that all of the personal property on my farm at the time of my death, including farming implements of all kinds, horses, cattle, sheep, and hogs shall be included in the devise to my wife and two sons, John S. and James M. Jackson." "Clause 9th. * * * It is my wish that my executors hereinafter named shall have full power to sell and convey what land I own on Brushy creek, in Carroll county, Va., and the remainder of my Porter tract of land, near Ivanhoe furnace, and out of the proceeds of sale of same to pay over to my beloved wife the sum of twenty-five hundred dollars, to be hers absolutely, to dispose of in such

way as she may think proper ; and to my children and grand-children, in addition to what I have heretofore bequeathed to them, as follows : To my son Joseph Jackson, two hundred dollars ; to my son Geo. Tho. Jackson, two hundred dollars ; to my daughter, Mary A. Pugh, two hundred dollars ; to my granddaughter Maggie Courtney, one hundred ; to my grand-daughter Sallie Aker, one hundred dollars.''

The only error assigned by appellants, which, if error, in the court below, could affect the interests of appellants is in constru-ing the first clause of the will so as to give to the widow for life, with remainder to John S. and James M. Jackson, that portion of the Porter place on the east adjoining the home place, it being contended that there is nothing in the record to show any inten-tion on the part of the testator to devise that portion of the Porter tract to the widow, and that, therefore, the court should have directed an issue, and called for proof, to ascertain what was the intention of the testator in this particular.   As it is admitted in the record that the Porter tract of land adjoins the home place on the east and the lands of the Ivanhoe furnace on the west, we are of opinion that the plain meaning and intent of the first part of the first clause of the will is that the home place, and that portion of the Porter place adjoining the home place and between the line indicated by the testator and the home place, is devised to the widow for life, with remainder in fee to John S. and James M. Jackson, and that by the latter part of this clause all the personal chattels on the home place, including grain harvested in the testator's lifetime, household and kitchen furniture, hay, grain in barns and cribs, live stock of every description, farming utensils and implements of all kinds, are by the will bequeathed to the widow for her natural life, with remainder in absolute ownership to the said John S. and James M. Jackson.   It is much more reasonable to construe the lan-guage of the will to mean that the testator's widow takes the portion of the Porter tract adjoining the home place than that it was intended to give her the portion separated from the home

tract, and, in view of the fact that the testator directs the remainder of the Porter tract, after the portion intended for the wife is taken off, and situated near the Ivanhoe furnace on the west, to be sold by his executors, it is plain to our mind that the testator intended that his devise in the first clause of his will should include that portion of the Porter place next to the home place. We are further of opinion that all bonds, choses in action, and money belonging to the testator at the time of his death passed to the executors as a fund to pay debts and pecuniary legacies, and that all personal chattels not on the home place at the testator's death also passed to the executors for the same purpose ; that the growing crop on the home place, and that portion of the Porter place devised to the widow for life, at the death of the testator, passed with the land to the life tenant, and that the growing crops on the land not devised to the widow for life passed to the executors, and the proceeds constitute a fund for the payment of debts and legacies ; and further, that the money, choses in action, personal chattels, and growing crops not on the home place, or that portion of the Porter place devised to the widow for life, etc., together with the proceeds of the sale of the Brushy creek land and the remainder of the Porter place, directed by the testator in the ninth clause of his will to be sold by his executors, constitute a fund in the hands of the executors to pay (1) all debts of the testator, and all proper charges against his estate ; (2) the pecuniary legacies bequeathed by the will, but the pecuniary legacies given by the ninth clause of the testator's will, namely, $2,500 to the widow, $200 to Joseph Jackson, $200 to George Thomas Jackson, $200 to Mary A. Pugh, $100 to Maggie Courtney, $100 to Sallie Aker, are demonstrative legacies, which should have priority over all other pecuniary legacies on the fund arising from the sale of the Brushy creek and Porter lands, and the same should be first paid out of said fund, if sufficient, and, if not, that the demonstrative legacies must abate ratably, and after the payment of the demonstrative legacies

named any balance of the proceeds of the sale of the said lands, together with all other funds in the hands of the executors, constitutes a fund to pay all general legacies pro rata. The foregoing construction given by us to the will in question is substantially the construction placed upon it by the court below, and, if there were any ground of complaint that could be made by any of the parties interested, other than the division of the Porter place, it does not appear that the appellants are aggrieved, but the widow alone would be affected by the errors they assign, and she acquiesces in the decree of the court, and lays no claim to a greater interest than the decree gives her. The decree of the circuit court is right, and must therefore be affirmed.